## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAWAN JUNEJA,
          Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
          Agency.

DOCKET NUMBERS
SF-1221-15-0504-X-1
SF-1221-15-0504-C-1

DATE: July 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pawan Juneja</u>, Beverly Hills, California, pro se.

<u>Thomas L. Davis</u>, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      In an October 25, 2016 compliance initial decision, the administrative judge found the agency in noncompliance with the Board's June 12, 2015 decision dismissing the appellant's appeal based on a settlement agreement entered into

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the record for enforcement by the Board. *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-C-1, Compliance File (CF), Tab 12, Compliance Initial Decision (CID); *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-W-1, Initial Appeal File (IAF), Tab 12, Initial Decision (ID). The appellant filed a petition for review of the CID, which the Board granted on June 21, 2022. *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-C-1, Order at 1 (June 21, 2022); *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-C-1, Compliance Petition for Review (CPFR) File, Tab 5. The Board referred the outstanding compliance issues to the Board's Office of General Counsel for further consideration, docketing the subsequent proceedings under *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-X-1, Compliance Referral File (CRF). June 21, 2022 Order, ¶¶ 12-14; CPFR File, Tab 5. We now JOIN these appeals for processing, and for the reasons discussed below, we find the agency is now in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      In the June 21, 2022 Order, the Board found that the agency was not in compliance with the settlement agreement because it uploaded to the appellant's Official Personnel File (OPF) an incorrect copy of the appellant's written comment that he supplied to the agency pursuant to the terms of their settlement agreement. June 21, 2022 Order, ¶¶ 7-9; CPFR File, Tab 5. As a result, the Board ordered the agency to remove the incorrect copy of the appellant's written comment from his OPF and replace it with a clean copy of his written comment–one without markings on the document indicating it was submitted through the Board's e-Appeal application. June 21, 2022 Order, ¶ 10; CPFR File, Tab 5.

¶3      On August 5, 2022, the agency submitted a pleading in response to the Board's June 21, 2022 Order. CRF, Tab 2. The agency stated that the agency

replaced the incorrect copy of the appellant's submitted comment from his OPF with a correct copy that did not include the Board's e-Appeal markings on the document, and provided evidence in support of its assertion. *Id.* The appellant did not file any response to the agency's submission.

## ANALYSIS

¶4        A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

¶5        Here, the agency has submitted an explanation of its compliance efforts, supported by documentary evidence. CRF, Tab 2 at 3, 5-9. The appellant has not responded, despite the notice in the Board's order that if he failed to respond, the Board might assume he was satisfied and dismiss the petition for enforcement. June 21, 2022 Order, ¶ 15; CPFR File, Tab 5. Accordingly, the Board assumes that he is satisfied. Therefore, based on the agency's submission and the appellant's lack of response, we find that the agency is now in full compliance with the Board's June 12, 2015 Order.

¶6        Accordingly, the Board finds that the agency is in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                   /s/ for
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.